

THE ATTORNEY GENERAL

OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 3, 1976

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H-875

Re: Authority of Harris
County Commissioners
Court to regulate rates
of private water companies
in Harris County after
September 1, 1976.

Dear Mr. Resweber:

Your question involves the relationship of article 1446c, V.T.C.S., creating the Public Utility Commission of Texas, to article 2372q-1, V.T.C.S., authorizing the commissioners courts in counties with a population of more than 1,500,000 to regulate the rates of private water companies under certain circumstances. Both statutes were enacted in the same session of the Legislature in 1975. You ask:

> Will the Harris County Commissioners Court's regulatory authority over private water companies, as is presently provided by article 2372q-1, V.A.T.S., terminate after September 1, 1976.

Section 2 of the new statute conferring authority upon commissioners courts, article 2372q-1, reads:

> Sec.2. (a) The rates and services of a private water company in a county with a population of more than 1,500,000, according to the last preceding federal census, shall be regulated by the commissioners court as provided in this Act, if:

p. 3686

     (1)   the private water company is charging or proposes to charge residential rates in any service area which exceed by 30 percent or more the highest residential rates charged by the water department of the largest city in the county; or
     (2)   a petition is submitted to the commissioners court signed by at least 30 percent of the persons residing, according to the last preceding federal census, in one or more of the service areas served by a private water company requesting that the commissioners court exercise regulatory authority over the company serving them.

. . . .

Standing by itself, article 2372q-1 appears to authorize the Harris County Commissioners Court to regulate private water companies selling water in Harris County.  But the Public Utility Regulatory Act, article 1446c, reads in pertinent part:

Sec. 3.

. . .

     (c)   The term 'public utility' or 'utility,' when used in this Act, includes any person, corporation, river authority, cooperative corporation, or any combination thereof, other than a municipal corporation. . . owning or operating for compensation in this state equipment or facilities for:

. . .

     (4)   the transmitting, storing, distributing, selling, or furnishing of potable water to the public or for resale to the public for any use, or the

collection, transportation, treatment,
or disposal of sewage, or other operation
of a sewage disposal service for the
public, other than equipment or facilities
owned and operated for either purpose by
a city, town, or other political subdivision
of this state. . . .

. . .

Sec. 16. The commission has the
general power to regulate and supervise
the business of every public utility
within its jurisdiction and to do all
things, whether specifically designated
in this Act or implied herein, necessary
and convenient to the exercise of this
power and jurisdiction. . . .

Sec. 17.

. . .

(e) The commission shall have exclusive
original jurisdiction over electric,
water, and sewer utility rates, operations,
and services not within the incorporated
limits of a municipality exercising
exclusive original jurisdiction over
those rates, operations, and services as
provided in this Act.

. . .

Sec. 87. (a) The regulatory authority
shall assume jurisdiction and all powers
and duties of regulation under this Act on
January 1, 1976, except as provided in
Subsection (b) of this section.
(b) The regulatory authority shall assume
jurisdiction over rates and service of public
utilities on September 1, 1976.

. . .

> Sec. 90. (a)   [Various specific statutes]
> and all other laws and parts of laws in
> conflict with this Act are repealed effective
> September 1, 1976.
> (b)   All rules and regulations promulgated
> by regulatory authorities in the exercise
> of their jurisdiction over public utilities,
> as defined in this Act, shall remain in effect
> until such time as the commission or railroad
> commission promulgates provisions applicable
> to the exercise of the commission's or rail-
> road commission's jurisdiction over public
> utilities.

It is apparent that the Public Utility Regulatory Act, article 1446c, V.T.C.S., was intended as a comprehensive statute which would provide the exclusive means of regulating certain types of utilities.  Id. at § 17(e).  Given the comprehensive nature of the Act and the general repealer found in section 90, it is our opinion that the Public Utility Regulatory Act is intended to repeal article 2372q-1.  See 53 Tex.Jur.2d, Statutes § 110.  However, any repeal is effective only as stated in section 90 of the Act, which provides for repeal of conflicting statutes on September 1, 1976.

Thus, the authority conferred upon commissioners courts by article 2372q-1 was replaced by the primary power vested in the Texas Public Utilities Commission by sections 16 and 17(e) of the Public Utility Regulatory Act when the Commission assumed its regulatory powers on September 1, 1976.  Any rules and regulations validly promulgated by the Commissioners Court of Harris County will continue in effect until superseded by regulations of the Texas Public Utilities Commission.

### S U M M A R Y

> The authority conferred upon commissioners
> courts by article 2372q-1, V.T.C.S., was
> replaced by the primary power vested

in the Texas Public Utilities Commission by
article 1446c, sections 16 and 17(e), V.T.C.S.,
when the Texas Public Utilities Commission
assumed its regulatory powers on September 1,
1976.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb